United States District Court
Southern District of Texas
**ENTERED**
June 08, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| WYATT ELLIS BUSBY, (TDCJ # 02379725), | § § § | |
| *Petitioner,* | § § § | |
| vs. | § § | CIVIL ACTION NO. H-25-5808 |
| ERIC GUERRERO, Executive Director of TDCJ-CID | § § § | |
| *Respondent.* | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Wyatt Ellis Busby, (TDCJ #02379725), is a state inmate in custody at the Coffield Unit of the Texas Department of Criminal Justice– Correctional Institutions Division. Proceeding *pro se*, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas, seeking to challenge his 2022 conviction for murder in Harris County Cause Number 1535843. (Dkt. 1). The Eastern District transferred the petition to this Court. (Dkt. 2). The Court ordered a response, and the respondent answered and provided copies of the state-court records. (Dkts. 11, 13). Busby did not reply. After reviewing the petition and amended answer, the state-court records, and the applicable law, the Court dismisses Busby's action as barred by limitations.

## I.    BACKGROUND

On January 24, 2022, the 184th District Court sentenced Busby to fifty years in prison after a jury found him guilty of murder with a deadly weapon in Harris County Cause Number 1535843. (Dkt. 11-1, pp. 323–25). The Texas Fourteenth Court of Appeals affirmed the conviction and sentence on December 12, 2023. *See Busby v. State*, No. 14-22-00052-CR, 2023 WL 8588057 (Tex. App.—Houston [14th Dist.] Dec. 12, 2023, pet. ref'd) (*mem. op., not designated for publication*). The Texas Court of Criminal Appeals refused Busby's petition for discretionary review on April 3, 2024. (Dkt. 11-77). Busby did not seek further review of his conviction and sentence in the United States Supreme Court.

Busby filed multiple state applications for a writ of habeas corpus while his trial and appeal proceedings were pending. (Dkts. 11-82, 11-86, 11-89, 11-92, 11-95). Each of these applications was dismissed as procedurally improper or noncompliant with the Texas Rules of Appellate Procedure. (Dkts. 11-84, 11-87, 11-90, 11-93, 11-97). He did not file a state application for writ of habeas corpus challenging the final judgment after the TCCA denied discretionary review.

On November 25, 2025, Busby mailed this federal petition for writ of habeas corpus to the District Court for the Eastern District of Texas. (Dkt. 1). The petition was subsequently transferred to this Court. (Dkt. 2). In it, Busby raises multiple claims of trial court error and a claim that he was subject to malicious prosecution. 2/10

(Dkt. 1, pp. 6–15). He did not answer the question about the timeliness of his petition. As relief, he asks this Court to vacate his judgment of conviction and expunge the record. (*Id.* at 11).

The respondent's amended answer contends that Busby's petition is barred by the statute of limitations applicable to § 2254 petitions. (Dkt. 13). Busby has not filed a reply, and his time to do so has now expired.

## II.    DISCUSSION

### A.    Statute of Limitations

Busby's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which contains a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the latest of four accrual dates:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is an affirmative defense, which the respondent properly raised in his answer.

Busby's time to file a federal habeas petition challenging his conviction and sentence began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The pleadings and matters of record show that Busby's conviction became final for purposes of federal habeas review on July 2, 2024, when the 90-day time to seek review of his conviction in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired."); *see also* SUP. CT. R. 13(1) (a petition for a writ of certiorari is due within 90 days of the entry of an order denying discretionary review by the state court of last resort). Therefore, the deadline for Busby to file a timely federal habeas petition was one year later, on July 2, 2025. His petition, filed December 1, 2025, was filed well outside the limitations period and is time-barred unless he can show that a statutory or equitable exception to the limitations period applies.

4/10

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). A state habeas application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* at 8; *see also Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir. 1999) ("[A] 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). In Texas, a state habeas application filed before a judgment of conviction becomes final is not "properly filed" because the Texas Court of Criminal Appeals lacks jurisdiction to consider a habeas application until the judgment is final. *See Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir. 2004) ("The TCCA 'does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final.'" (quoting *Ex parte Johnson,* 12 S.W.3d 472, 473 (Tex. Crim. App. 2000))). Likewise, a state habeas application dismissed for noncompliance with Texas Rule of Appellate Procedure 73.1 is not properly filed and does not toll the limitations period. *See North v. Davis,* 800 F. App'x 211, 214 (5th Cir. 2020).

All of Busby's state habeas applications were filed before his judgment of conviction became final in July 2024. (Dkts. 11-82 (filed 12/21/2018), 11-86 (filed 7/19/2019), 11-89 (filed 1/28/2021), 11-92 (filed 11/19/2021), 11-95 (filed 5/10

2/14/2022)).  None of these applications were properly filed in compliance with Texas law.  They therefore do not toll the limitations period applicable to Busby's federal habeas petition, and his petition is untimely unless another tolling provision applies.

Busby also filed several federal habeas corpus petitions both before and after his judgment of conviction became final.  *See Busby v. Davis*, No. 4:19-cv-2346 (S.D. Tex.) (filed June 26, 2019); *Busby v. Gonzalez*, No. 4:21-cv-261 (S.D. Tex.) (filed Jan. 25, 2021); *Busby v. Gonzalez*, No. 4:22-cv-366 (S.D. Tex.) (filed Jan. 10, 2022); *Busby v. Lumpkin*, No. 4:24-cv-2133 (S.D. Tex.) (filed May 6, 2024); *Busby v. Guerrero*, No. 4:25-cv-1249 (S.D. Tex.) (filed Feb. 19, 2025); *Busby v. Guerrero*, No. 4:25-cv-4775 (S.D. Tex.) (filed Sept. 24, 2025).  But a federal habeas petition, even if properly filed, does not toll the limitations period under § 2244(d)(2).  *See Duncan v Walker*, 533 U.S. 167, 181–82 (2001).  These federal petitions do not toll the limitations period, and Busby's current federal habeas petition is time-barred unless another statutory exception applies.

But Busby has not alleged facts showing that any other statutory exception applies.  He has not alleged facts showing that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period.  *See* 28 U.S.C. § 2244(d)(1)(B).  He has not alleged facts showing that his claims are based on a newly recognized constitutional right.  *See* 28 U.S.C.

6/10

§ 2244(d)(1)(C). And he has not alleged facts showing that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, there is no statutory basis to allow Busby to avoid the effect of the limitations period, and his petition is time-barred unless another exception applies.

**B.    Equitable Tolling**

In some instances, equitable tolling can extend the limitations period. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies only "in rare and exceptional circumstances"). A habeas "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). Neither lack of knowledge of the law or filing deadlines nor

7/10

status as a layman excuses delay. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). And the habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Busby's petition contains no facts showing that he is entitled to equitable tolling. His petition contains no explanation for his delayed filing. And even after the respondent raised the statute of limitations as a defense, Busby identified no extraordinary circumstance that prevented him from filing a timely petition.

Absent facts sufficient to show that Busby is entitled to equitable tolling, the limitations period will not be extended on that basis. His federal habeas petition is untimely and will be dismissed.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims

8/10

debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Busby has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Busby's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED** with prejudice as barred by limitations.

2. Final judgment will be separately entered.

9/10

3. All pending motions are **DENIED** as moot.

4. A certificate of appealability is **DENIED**.

The Clerk will send a copy of this order to the parties.

SIGNED at Houston, Texas on _____ June 8 _____, 2026.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

10/10